Doderidge, J.
It would be and endless labour to shew all the accounts. It is sufficient to say: quod cum indebitatus existit, assumpsit, &c.
2. He does not shew on what ground the wife was suable, or that she is executrix, or chargeable with the debt. It is no more than if I. S. told I. D. that he is going to sue him, who promises that if I. S. will not sue him &c. This is no ground of action. If it was; this would open a door to barrators to vex honest men. He who has no debt due to him has no occasion to forbear suing.
Jones, J.
This was settled in Whitpool's case. An infant made a contract, and when of full age, promised that in consideration that he should not be sued for a while, he would pay. Held that an action lies on this promise.
Crew, C. J.
Assumpsit in consideration of the forbearance of a suit is a strong presumption of a debt.
Doderidge, J.
I well recollect Whitpool's case. An infant bought velvets and silks, and died. The merchant came to his wife, who was the executrix, and told her if she would not pay him, he would sue her, the wife promised, in consideration of forbearance, to pay. It was held a good consideration. But she was executrix, and there was some pretext for suing her. There is no such a thing here.
Stone. The assumpsit of an infant is only voidable.
Jones, J. It is clearly void; he may plead non assumpsit.
At Trin. 2. Car. Jermyn prayed judgment pro quærente, for there was a request of the defendant to forbear, and cited 10 El. Dyer 272. Promise in consideration that one had been bail for the defendant’s servant: held bad; aliter if it had been requested.
A further day was given. But I heard no more of it. Antea 21. Noy 81. Poph. 177. Palm. 441. 1 Cr. 126.